Harry L. Peterson, Appellee, v. George W. Swartz et al., Appellants.

Gen. No. 6,505.    (Not to be reported in full.)

Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 9, 1918.

## Statement of the Case.

Creditor's bill by Harry L. Peterson, complainant, against George W. Swartz, Daniel Swartz and Ethel Swartz, defendants, praying for the discovery of property and assets of the judgment debtor, Daniel Swartz, for the purpose of applying the same to the payment of complainant's judgment. From a judgment requiring defendant George W. Swartz to pay the sum of $1,758.14 out of the amount due from him to defendant Daniel Swartz on a contract for the purchase of land, for the satisfaction of the judgment, defendants appeal.

H. A. BROOKS and J. W. WATTS, for appellants.

R. A. KIDDER, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 401*—*what is fundamental principle upon which estoppel by former adjudication is allowed.* Whether an adjudication relied upon as an estoppel goes to a single question or all the questions involved in a cause, the fundamental principle upon which it is allowed in either case is that justice and public policy alike demand that a matter whether consisting of one or many

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Peterson v. Swartz, 210 Ill. App. 504.

questions, which has been solemnly adjudicated by a court of competent jurisdiction, shall be deemed finally and conclusively settled in any subsequent litigation between the same parties, where the same question or questions arise.

2. Judgment, § 442*—*when rule as to res adjudicata applies.* When a second suit is about the same matter or cause of action, then all matters that could have been as well as all matters that actually were put in issue and determined in the former suit are presumed to have been put in issue, and the rule as to *res adjudicata* applies.

3. Judgment, § 444*—*when rule as to res adjudicata does not apply.* Where a second suit is about a different cause of action than the first, or in reference to a different matter, or relating to different property, then the rule of *res adjudicata* has no application except as to such matters as were actually in litigation and actually decided in the former proceedings relied upon as *res adjudicata.*

4. Judgment, § 441*—*when rule as to res adjudicata does not apply to bar creditor's bill.* A judgment in a suit to set aside and remove out of the way of an execution an alleged fraudulent conveyance by a judgment debtor that the conveyance was not fraudulent is not *res adjudicata* so as to constitute a bar to a creditor's bill for the discovery of property and assets of the judgment debtor, for the purpose of applying the same to the payment of complainant's judgment, since the proceedings are different in character, the subject-matter of the suit is different and the property affected is different.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.